IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN SHIRLEY**<br>838 Manatawna Avenue<br>Philadelphia, PA 19128<br><br>      Plaintiff<br> v.<br><br>**United States Postal Service a/k/a USPS**<br>7300 Lindbergh Boulevard<br>Philadelphia, PA 19153<br><br>  and<br><br>**United States Postal Service a/k/a USPS**<br>475 L'Enfant Plaza Southwest<br>Washington, DC 20260<br><br>      Defendant | **CIVIL ACTION NO.**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT – CIVIL ACTION

  Plaintiff, John Shirley, by and through his counsel, Martin G. Rubenstein, Esquire, Kyle J. Keller, Esquire, and Aron Minkoff, Esquire of Levy Baldante Finney & Rubenstein P.C., hereby demands entry of judgment in his favor and against defendant for the following reasons:

### I. JURISDICTION

  1. This action arises under 39 U.S.C. § 409, as Plaintiff is seeking to recover from the United States Postal Service (hereinafter "USPS"), and as ascribed by the aforementioned federal rule, United States District Courts have original jurisdiction over cases involving USPS.

  2. Venue for this action is proper in this Court under 28 U.S.C. § 1391 as the events giving rise to the Plaintiff's claims occurred within the territorial limits of the United States District Court for the Eastern District of Pennsylvania.

3. Plaintiff has complied with the applicable protocols as prescribed by the Federal Tort Claims Act, outlined in 28 U.S.C. § 1346(b); 28 U.S.C. § 1402(b); 28 U.S.C. § 2401(b); and 28 U.S.C. §§ 2671-2680.

## II. PARTIES

4. Plaintiff, John Shirley, is an adult individual residing at 838 Manatawna Avenue, Philadelphia, PA 19128.

5. Defendant, United States Postal Service a/k/a USPS (hereinafter "USPS") is a federal agency which has a principal place of business at 475 L'Enfant Plaza Southwest, Washington D.C. 20260 and operates a postal office at 7300 Lindbergh Boulevard, Philadelphia, PA 19153.

## III. FACTS

6. At all times relevant hereto, plaintiff, John Shirley, was the operator of a tractor trailer owned by his employer, Veltri, Inc.

7. At all times relevant hereto, defendant, USPS maintained the premises of 7300 Lindbergh Boulevard, Philadelphia, PA 19153, and its agents, workmen, and/or employees directed plaintiff, John Shirley, while he was on their premises.

8. At all times relevant hereto, an agent, workmen, and/or employee of defendant, USPS, was operating an electronic pallet jack at the subject premises at or around the time of the accident in question.

9. At all times relevant hereto, defendant, USPS, knew and/or had reason to know that its agent, workmen, and/or employee was unfit and/or unable to operate an electronic pallet jack in a safe, careful, law-abiding manner.

10. At all times relevant hereto, defendant, USPS, knew and/or had reason to know that its agent, workmen, and/or employee was a dangerous operator.

11. On or about February 5, 2021, at approximately 8:45 p.m., plaintiff, John Shirley, was operating a tractor trailer loaded with cages filled with male to be unloaded at the aforementioned USPS

facility located at 7300 Lindbergh Boulevard, Philadelphia, PA 19153 and was doing so in a safe and reasonable manner.

12. Plaintiff, John Shirley, was directed by an agent, workmen, and/or employee of defendant, USPS to exit his vehicle and stand outside of the tractor trailer in a specified area while the tractor trailer was to be unloaded by employees of USPS.

13. Plaintiff, John Shirley, did as directed by the agent, workmen, and/or employee of USPS.

14. Shortly thereafter, an agent, workmen, and/or employee of defendant, USPS, struck plaintiff, John Shirley, with an electronic pallet jack, causing bodily injury to plaintiff, John Shirley.

15. As a direct result of the careless, negligent, and/or reckless conduct of defendant, USPS, plaintiff, John Shirley, suffered serious, permanent and/or disabling injuries as further described herein below.

16. At all times material hereto, plaintiff, John Shirley, acted in a careful, cautious, reasonable, and prudent manner, and was free from comparative and/or contributory negligence.

17. At all times relevant hereto, plaintiff, John Shirley, was free from any comparative negligence and did not in any manner assume the risk of injury.

18. The aforementioned accident and the damages and/or injuries resulting to plaintiff, John Shirley, were due in no part whatsoever to any act or failure to act on the part of plaintiff, John Shirley.

## COUNT I – NEGLIGENT ENTRUSTMENT

## PLAINTIFF, JOHN SHIRLEY v. DEFENDANT, UNITED STATES POSTAL SERVICE A/K/A USPS

19. Plaintiff, John Shirley, herein incorporates all of the foregoing paragraphs as though the same were set forth herein at length.

20. The aforementioned accident and/or the damages resulting therefrom were caused solely and/or in part by reason of the negligence, carelessness, and/or recklessness of defendant, USPS.

21. The negligence, carelessness, and/or recklessness of defendant, USPS, consisted of, but was not limited to, the following particulars:

    a.    failing to properly repair the involved electronic pallet jack;

    b.    failing to properly maintain said electronic pallet jack;

    c.    permitting said electronic pallet jack to be operated by an individual and/or individuals that they knew or should have known were not fit to operate electronic pallet jacks;

    d.    failing to hire agents, workmen, and/or employees who were competent and qualified to operate electronic pallet jacks;

    e.    failing to properly train its agents, workmen, and/or employees on how to safely operate electronic pallet jacks;

    f.    permitting said electronic pallet jacks to be operated by individuals that they knew or should have known were unsafe operators;

    g.    failing to implement safety protocols to avoid the very accident that this instant lawsuit originates from;

    h.    being otherwise negligent, careless and reckless as may be discovered through discovery.

22.    As a direct result of the careless, reckless, and/or negligent conduct of defendant, USPS, plaintiff, John Shirley, has suffered, suffers and/or continues to suffer serious and/or permanent injuries to his body, organs, nerves, muscles, tendons, and/or tissue including, but not limited to: aggravation of right hand osteoarthritis in the 2nd and 3rd MP joints; right hand ligament ruptures, elbow tenderness; elbow pain; and possible aggravation of latent injury(ies) and/or conditions; possible exacerbation of latent injury(ies) and/or conditions, aggravation and/or exacerbation of various asymptomatic conditions; decreased range of motion; decreased strength; decreased mobility; aggravation/exacerbation of arthritis; anxiety; distress; weakness; sprain and strain; accelerated likelihood of future arthritis; muscle spasm; muscle tenderness -- some of which or all of which injuries are or may be permanent in nature and/or will continue for an indefinite period in the future.  Plaintiff, John Shirley, also makes a claim for such injuries, damages and consequences described by his medical providers and/or of which he has no present knowledge.

23.    As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley,

suffers and/or will continue to suffer from physical and mental discomfort, anguish, humiliation, distress, fear, pain, suffering, and/or inconvenience.

24.     As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, has been deprived, is deprived, and/or may continue to be deprived of the ordinary pleasures of life.

25.     As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medicines, and/or similar medical and/or medically related instrumentalities and/or modalities.

26.     As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendant USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, has suffered and/or continues to suffer and/or may, in the future, suffer wage loss, a loss of earnings, delay in pursuing vocation, and/or diminished and lessened earning power.

27.     As a direct result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, has been limited and/or prevented from attending to his customary and usual duties, occupations, civic, sport, scholastic and/or social activities, and the aforesaid injuries may continue to interfere with and prevent him from attending to these customary and usual duties occupations, civic, sport, scholastic and/or social activities in the future to his great detriment and loss.

**WHEREFORE**, Plaintiff, John Shirley, demands judgment against defendant, United States Postal Service a/k/a USPS, individually, jointly, and/or severally, in an amount in excess of Seventy-Fifty Thousand ($75,000.00) Dollars, in compensatory damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

## COUNT II – NEGLIGENCE

### PLAINTIFF, JOHN SHIRLEY V. DEFENDANT, UNITED STATES POSTAL SERVICE A/K/A USPS

28. Plaintiff, John Shirley, herein incorporates all of the foregoing paragraphs as though the same were set forth herein at length.

29. The aforesaid accident was caused by the individual careless, reckless, and/or negligent conduct of defendant, USPS.

30. The careless, reckless, and/or negligent conduct of defendant, USPS, consisted, *inter alia*, of the following:

   a. Operating an electronic pallet jack at a dangerous rate of speed;

   b. Failing to operate an electronic pallet jack in a reasonable manner;

   c. failing to properly direct those in close proximity to the operation of heavy machinery;

   d. failing to observe and safely stop to avoid striking plaintiff;

   e. operating machinery in an unsafe manner under the circumstances;

   f. failing to have a piece of heavy machinery under proper and adequate control;

   g. failing to direct plaintiff to stand in an area that was safe;

   h. failing to ensure that plaintiff was at a safe distance while operating heavy machinery in close proximity;

   i. failing to operate an electronic pallet jack in accordance with protocols for safe operations;

   j. failing to operate heavy machinery in a manner that would have led defendant to take actions that could have easily avoided striking plaintiff;

   k. failing to keep a reasonable lookout for the safety of plaintiff;

   l. failing to properly train operating a motor vehicle with an invalid, suspended and/or revoked driver's license;

   m. owning and/or operating a motor vehicle without valid insurance;

   n. owning and/or operating a motor vehicle that was unfit for the road;

      o.      operating a motor vehicle under the undue influence of drugs, medication and/or alcohol;

      p.      failing to operate a motor vehicle in accordance with the posted speed limit;

      q.      travelling on a roadway in a dangerous, unsafe manner;

      r.      making an inappropriate, unsafe and/or dangerous maneuver;

      s.      driving in an inappropriate, unsafe and/or dangerous manner;

      t.      Operating heavy machinery in an inattentive manner;

      u.      Operating heavy machinery while distracted and/or talking on a cell phone, CB radio and/or walkie talkie;

      v.      failing to warn of his approach;

      w.      acting in a manner that was in violation of the training and established safety protocols designed to avoid an accident of this kid;

      x.      acting in a manner that was in violation of the rules, regulations, codes, ordinances and/or statutes of the Commonwealth of Pennsylvania pertaining to machine use and/or operating;

      y.      acting in a manner that was in violation of the rules, regulations, codes, ordinances and/or statutes of the United States pertaining to machine use and/or operating;

31.    As a direct result of the careless, reckless, and/or negligent conduct of defendant, USPS, plaintiff, John Shirley, has suffered, suffers and/or continues to suffer serious and/or permanent injuries to his body, organs, nerves, muscles, tendons, and/or tissue including, but not limited to: aggravation of right hand osteoarthritis in the 2nd and 3rd MP joints; right hand ligament ruptures, elbow tenderness; elbow pain; and possible aggravation of latent injury(ies) and/or conditions; possible exacerbation of latent injury(ies) and/or conditions, aggravation and/or exacerbation of various asymptomatic conditions; decreased range of motion; decreased strength; decreased mobility; aggravation/exacerbation of arthritis; anxiety; distress; weakness; sprain and strain; accelerated likelihood of future arthritis; muscle spasm; muscle tenderness -- some of which or all of which injuries are or may be permanent in nature and/or will continue for an indefinite period in the future.  Plaintiff, John Shirley, also makes a claim for such

injuries, damages and consequences described by his medical providers and/or of which he has no present knowledge.

32. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, suffers and/or will continue to suffer from physical and mental discomfort, anguish, humiliation, distress, fear, pain, suffering, and/or inconvenience.

33. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, has been deprived, is deprived, and/or may continue to be deprived of the ordinary pleasures of life.

34. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medicines, and/or similar medical and/or medically related instrumentalities and/or modalities.

35. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, has suffered and/or continues to suffer and/or may, in the future, suffer wage loss, a loss of earnings, delay in pursuing vocation, and/or diminished and lessened earning power.

36. As a direct result of the aforementioned negligent, careless, and/or reckless conduct of defendant, USPS, and the resulting injuries and/or damages, plaintiff, John Shirley, has been limited and/or prevented from attending to his customary and usual duties, occupations, civic, sport, scholastic and/or social activities, and the aforesaid injuries may continue to interfere with and prevent him from attending to these customary and usual duties occupations, civic, sport, scholastic and/or social activities in the future to his great detriment and loss.

**WHEREFORE**, Plaintiff, John Shirley, demands judgment against defendant, United States Postal Service a/k/a USPS, individually, jointly, and/or severally, in an amount in excess of Seventy-Fifty

Thousand ($75,000.00) Dollars, in compensatory damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

                                    **LEVY BALDANTE FINNEY & RUBENSTEIN, P.C.**

By:    /s/Martin G. Rubenstein
        MARTIN G. RUBENSTEIN, ESQUIRE
        KYLE J. KELLER, ESQUIRE
        ARON MINKOFF, ESQUIRE
        **Levy, Baldante, Finney & Rubenstein, P.C.**
        1845 Walnut Street, Suite 1300
        Philadelphia, PA 19103
        215-735-1616
        rubenstein@levybaldante.com
        kkeller@levybaldante.com
        aminkoff@levybaldante.com
        *Counsel for Plaintiff, John Shirley*

Dated: November 6, 2023